UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON HASSAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKBURNE & SONS REALTY CAPITAL CORPORATION, et al.<br><br>    Defendants. | Case Nos.  14-CV-04836-LHK<br>             14-CV-05171-LHK<br><br>**ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)** |

Before this Court are Appellant ShaRon Hassan's two pending Bankruptcy Court appeals and applications to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Pursuant to this statute, this Court requests that the Bankruptcy Court, which is the trial court in this matter, determine whether such certification is appropriate in either appeal. Furthermore, Bankruptcy Local Rule 8007-1(c)(2) provides that the Bankruptcy Court may transmit a recommendation that an appeal be dismissed for failure to perfect the appeal. This Court requests that the Bankruptcy Court assess whether such a recommendation is appropriate for either appeal.

**I.    BACKGROUND**

Appellant filed her first notice of appeal, in Case No. 14-4836, on October 30, 2014, and

1
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)

her second notice of appeal, in Case No. 14-5171, on November 21, 2014. *See* Case No. 14-4836, ECF No. 1; Case No. 14-5171, ECF No. 1. In the underlying case and in the first notice of appeal, Appellant named the following defendants: Blackburne & Sons Realty Capital Corporation, Blackburne and Brown Mortgage Company, Inc., Blackburne and Brown Mortgage Fund I, BBMCI Fund, Allen M. Krohn, Augusto C. Pasos, Jr. and Julia M. Pasos Living Trust, Mark A. Singleton, Trustee of Singleton and Moore Medical Corp. Pension Funds, Carlos E. Zozula, Michael F. Kiernan, Trustee of Michael F. Kiernan 1998 Revocable Trust, Howard C. Turnely, and Jane S. Turnely, Trustees of Turnely Trust, John Baldwin, Robert Bloch, Ara M. Missakian and Nadya Missakian, Mike Del Campo and Lena Del Campo, Robert R. Gault, Trustee of Gault Family Trust, James E. Reed Profit Sharing Plan and Trust, David P. Shafer and Charlene N. Iran, Trustees of Shafer-Iran Trust, Western Laboratories Medical Group Profit Sharing Plan and Trust FBO John E. Cleymaet, John E. Cleymaet, Jerry Engle and Nora Engle, Trustees of the Restated Engle Family Trust, Ronald G. Burgess and Treva A. Burgess, Trustees of the Burgess Family Trust, James Nerli and Daryl Nerli, Aldo I. Assali, Ronald A. Floria, Jerry P. McDaniels, Jay Thomsen and L. Thomsen, Lawrence Thomsen, Trustee of The Thomsen Special Needs Trust, Polycomp Trust Company, Custodian FBO John Cleymaet IRA, Dennis D. Brown and Does 1 through 25. Case No. 14-4836, ECF No. 1. The second notice of appeal names only Defendant Dennis D. Brown. Case No. 14-5171, ECF No. 1.

The first notice of appeal states that Appellant is appealing the Bankruptcy Court's August 20, 2014 order granting Defendants' motion for summary judgment; August 27, 2014 judgment against Appellant; September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default; September 30, 2014 order declaring Appellant a vexatious litigant; and September 30, 2014 order denying Appellant's motion to amend the complaint. *See id*. at 9. However, the Bankruptcy Court has previously indicated that the first notice of appeal is timely only as to the Bankruptcy Court's September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF No. 383 (Bankruptcy Court's order granting in part and denying in part Appellant's motion to extend time to file appeal-

2

Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)

related documents). The second notice of appeal appeals the same September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. Case No. 14-5171, ECF No. 1 Appellant also appealed this same September 23, 2014 order to the Ninth Circuit's Bankruptcy Appellate Panel ("BAP"). *See* No. 14-5171, ECF No. 4. However, the BAP transferred Appellant's appeal to this Court on March 9, 2015. *Id*.

Prior to Appellant's filing of her notices of appeal in District Court, the Bankruptcy Court had already granted Appellant multiple extensions of time within which to file appeal-related documents, and put Appellant on notice that Appellant's appeals were untimely as to all Bankruptcy Court orders other than the September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF Nos. 383, 415. Nonetheless, Appellant took no action to prosecute either appeal for approximately six months after filing her notices of appeal. On May 6, 2015, this Court ordered Appellant to show cause why the cases should not be dismissed for failure to prosecute and failure to comply with the Rules of Bankruptcy Procedure and the Bankruptcy Local Rules. Case No. 14-4836, ECF No. 3. In both appeals, Appellant had failed to comply with Rule of Bankruptcy Procedure 8009, which requires an appellant to file designations of record and statements of the issues.

Following this Court's issuance of an order to show cause, Appellant both filed a response and appeared at the hearing. This Court thereafter vacated the order to show cause on May 27, 2015. Case No. 14-4836, ECF No. 6. This Court explicitly warned Appellant that she was to perfect the records in both cases by June 8, 2015. *Id*. Further, this Court cautioned Appellant both on the record at the hearing and in this Court's subsequent order that failure to meet this deadline would result in a dismissal with prejudice for both actions. *Id*.

Appellant filed her designations of the record on appeal on June 4, 2015. Case No. 14-4836, ECF No. 9-1, at 1. Appellant's designation lists the entire dockets of six bankruptcy cases filed by Appellant, and states that the record on appeal includes all docket entries, as well as "all exhibits attached and referred to in the pleadings or matters of record." *Id*. Appellant's designation of the entire docket in six bankruptcy cases has imposed a significant burden on the Clerks of both

3
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)

the Bankruptcy Court and the District Court. The Bankruptcy Court worked for months to forward the record to the District Court Clerk, and as of August 25, 2015, at least 786 documents have been transferred to the District Court and posted on the docket for Appellant's two appeals. Moreover, this Court is skeptical that much of the designated record—including, for example, hundreds of pages of certificates of service and mailing—has any relevance to Appellant's appeals.

Appellant also designated twenty-seven transcripts to be included in the record on appeal for both cases. Case No. 14-4836, ECF No. 9-4, at ECF p. 39; Case No. 14-5171, ECF No. 9-8, at ECF p. 41. Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure requires an Appellant to "order in writing from the reporter . . . transcript[s] of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or . . . file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." While Appellant designated twenty-seven transcripts, Appellant has neither ordered the transcripts nor filed a certificate with the Bankruptcy Clerk stating that Appellant is not ordering transcripts. *See* Case No. 14-4836, ECF No. 37-1 (certificate of non-readiness filed by Bankruptcy Clerk).

Instead, on June 5, 2015, Appellant sought a waiver of transcript fees for these twenty-seven transcripts that Appellant states are necessary for her appeal. *Id.* at ECF No. 8. A request for a waiver of transcript fees for a bankruptcy appeal is governed by 28 U.S.C. § 753(f). This statute requires that a Bankruptcy Court certify that an appeal is not frivolous and presents a substantial question before transcript fees may be waived. In the instant case, Appellant never sought such a certification from the Bankruptcy Court. Accordingly, on August 25, 2015, this Court denied Appellant's request to waive the transcript fees for the twenty-seven transcripts because Appellant had not obtained such a certification. *Id.* at ECF No. 41. This Court ordered that Appellant file within fourteen days a motion seeking a certification from the Bankruptcy Court that Appellant's appeals are not frivolous and present a substantial question. *Id.*

4
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)

## II.   DISCUSSION

The history of this case and Appellant's prosecution of her two appeals raise two issues on which this Court would benefit from the Bankruptcy Court's guidance. The first concerns whether Appellant may proceed *in forma pauperis* on appeal, and the second relates to Appellant's compliance with the Bankruptcy Local Rules and Federal Rules of Bankruptcy Procedure.

As to the first issue, the federal *in forma pauperis* statute provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In the context of an application to proceed *in forma pauperis*, an appeal is not taken in good faith "if there is some evident improper motive or if no issue is presented which is not plainly frivolous." *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960) (citing *Ellis v. United States*, 356 U.S. 674 (1958)); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (noting that in the *in forma pauperis* context the lack of good faith standard is equivalent to a finding of frivolity). In an appeal from a bankruptcy proceeding, the Bankruptcy Court is the trial court for purposes of certification of whether the appeal was not taken in good faith 28 U.S.C. § 1915(a)(3). *See Knutson v. Price (In re Price)*, 410 B.R. 51, 58 (Bankr. E. D. Cal. 2009) (on appeal of Bankruptcy Court order to District Court, Bankruptcy Court is considered trial judge for purposes of certification under Section 1915(a)(3)).

Here, this Court is concerned for several reasons that Appellant's two appeals were not taken in good faith. Despite being given multiple extensions to file appeal-related documents by the Bankruptcy Court, Appellant failed to prosecute the case for six months after filing her notices of appeal, taking action only after this Court issued an order to show cause. Appellant then responded to this Court's direction to perfect the record in a timely manner with the wholesale designation of the entire dockets of six bankruptcy cases. This Court is further troubled by Appellant's statement of issues on appeal, which includes a litany of general legal conclusions like "[w]hether the Bankruptcy Court committed an error of law or an abuse of discretion in ruling, confirming, and/or causing by Order Re: Motion for Summary Judgment entered on Docket August 28, 2014." Case No. 14-4836, ECF No. 16, at 3.  Finally, it is unclear whether the only

5
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)


order that may be timely appealed is a final decision properly subject to appeal. *See* 28 U.S.C § 158(a) (providing that the District Courts of the United States have jurisdiction to hear appeals from "final judgments, orders, or decrees"). "To become final, the decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment." *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995). By contrast, "[a]n interlocutory appeal is one which stems from a judgment, order, or decree which does not finally determine a cause of action, but instead decides only an intervening matter." *Id*. The Bankruptcy Court's September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default states that despite the default entered against him, Defendant Brown was listed as a moving party on the motion for summary judgment granted against Appellant, and as a prevailing defendant in the judgment entered against Appellant. Bankr. Case No. 13-5065, ECF No. 383, at 5. The Bankruptcy Court appears to have granted the motion to vacate the entry of default and include Brown in the summary judgment order and judgment simply to clear up any confusion that may have been caused by the inconsistency between the entry of default as to Defendant Brown and his status as a prevailing party in the judgment entered against Appellant. If this is so, then the September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default is not a final order properly subject to appeal because the outcome of such an appeal would not affect the prior grant of summary judgment in favor of Defendant Brown and the resulting judgment entered against Appellant. Rather, the September 23 order vacating entry of default as to Defendant Brown is an interlocutory order, for which Appellant must obtain consent of court to appeal. *See* 28 U.S.C. § 158(a)(3). Accordingly, this Court finds it necessary to refer this matter pursuant to 28 U.S.C. § 1915(a)(3) to the Bankruptcy Court to determine whether to certify that Appellant's two appeals were not taken in good faith.[1]

---

[1] Although Bankruptcy Judge Hammond currently presides over the underlying bankruptcy case, the case was originally before Bankruptcy Judge Novack, and he issued a number of substantive orders that relate to the issues on appeal. This Court defers to the Bankruptcy Court as to the proper Bankruptcy Judge to consider the questions raised by this order.

6
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)

1    Second, this Court requests a recommendation pursuant to Bankruptcy Local Rule 8007-
2    1(c) from the Bankruptcy Court regarding whether Appellant's appeals should be dismissed for
3    failure to comply with the Bankruptcy Local Rules and Federal Rules of Bankruptcy Procedure.
4    Bankruptcy Local Rule 8007-1(c) provides that an appeal may be dismissed where an appellant
5    fails to perfect the appeal in the manner prescribed by Federal Rule of Bankruptcy Procedure
6    8006.[2] Under subpart (2) of Bankruptcy Local Rule 8007-1(c), a Bankruptcy Court may transmit,
7    in connection with a notice of appeal, a recommendation that the appeal be dismissed. Here, the
8    Bankruptcy Clerk entered a Certificate of Non-Readiness in the underlying bankruptcy case,
9    indicating that "the record on appeal is not complete." Case No. 14-4836, ECF No. 37-1, at 1
10   (certificate of non-readiness filed by Bankruptcy Clerk). This certification, along with the
11   questions as to the timeliness of Appellant's notices of appeal and Appellant's apparent failure to
12   comply with Bankruptcy Rule 8009(b)(1) regarding the ordering of transcripts for appeal, suggests
13   that Appellant has failed to perfect the appeals as required by the Bankruptcy Local Rules.
14   Accordingly, this Court requests a recommendation pursuant to Bankruptcy Local Rule 8007-
15   1(c)(2) as to whether Appellant's failure to perfect the appeals warrants dismissal.

16   In summary, this Court refers this matter to the Bankruptcy Court for: (1) a determination
17   pursuant to 28 U.S.C. § 1915(a)(3) regarding whether to certify that the two instant appeals were
18   not taken in good faith; and (2) a recommendation under Bankruptcy Local Rule 8007-1(c)(2)
19   regarding whether Appellant's appeals should be dismissed for failure to comply with the
20   Bankruptcy Local Rules and Federal Rules of Bankruptcy Procedure governing the process and
21   requirements for perfecting an appeal.

---

[2] Although Bankruptcy Local Rule 8007-1 refers to Federal Rule of Bankruptcy Procedure 8006 as containing the requirements for perfecting an appeal, it appears the reference should be to Federal Rule of Bankruptcy Procedure 8009. As of the 2014 amendments to the Federal Rules of Bankruptcy Procedure, Bankruptcy Rule 8006 concerns the certification of direct appeals to the Court of Appeals, and Bankruptcy Rule 8009 governs the requirements for perfecting the record on appeal. *See* Fed. B. R. P. 8006, 8009. The Advisory Committee Notes to Bankruptcy Rule 8009 indicate that Rule 8009 is "derived from former Rule 8006" and that the provisions of the rule are applicable to appeals to a District Court. *See* Fed. B. R. P. 8009 advisory committee's note to 2014 amendments.

7
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)

**IT IS SO ORDERED.**

Dated: August 27, 2015

*Lucy H. Koh*
Lucy H. Koh
United States District Judge

Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER REQUESTING DETERMINATIONS PURSUANT TO 28 U.S.C. § 1915(A)(3) AND BANKRUPTCY LOCAL RULE 8007-1(C)(2)