UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON HASSAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKBURNE & SONS REALTY CAPITAL CORPORATION,<br><br>    Defendant. | Case Nos.  14-CV-04836-LHK<br>               14-CV-05171-LHK<br><br>**ORDER DISMISSING CASES WITH PREJUDICE** |

Appellant ShaRon Hassan has filed notices of appeal from the United States Bankruptcy Court for the Northern District of California in two separate actions pending before this Court. The appeals are filed pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001(a). For the reasons stated below, this Court hereby DISMISSES with prejudice the instant appeals for failure to prosecute.

**I.   BACKGROUND**

Appellant Hassan filed two notices of appeal in this court appealing orders of the United States Bankruptcy Court for the Northern District of California in Appellant's underlying bankruptcy case, Bankr. Case No. 13-5056. Appellant filed her first notice of appeal on October 30, 2014. Case No. 14-0486, ECF No. 1. Appellant's first notice of appeal appeals the Bankruptcy Court's September 30, 2014 order declaring Appellant a vexatious litigant; August 20, 2014 order granting Defendants' motion for summary judgment; September 23, 2014 order granting

1

Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

Defendant Brown's motion to vacate Appellant's entry of default; and September 30, 2014 order denying Appellant's motion to amend the complaint. *See id.* at 9. However, the Bankruptcy Court has previously indicated that the first notice of appeal is timely only as to the Bankruptcy Court's September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF No. 383 (Bankruptcy Court's order granting in part and denying in part Appellant's motion to extend time to file appeal-related documents). In the underlying case and in her first notice of appeal, Appellant named the following defendants: Blackburne & Sons Realty Capital Corporation, Blackburne and Brown Mortgage Company, Inc., Blackburne and Brown Mortgage Fund I, BBMCI Fund, Allen M. Krohn, Augusto C. Pasos, Jr. and Julia M. Pasos Living Trust, Mark A. Singleton, Trustee of Singleton and Moore Medical Corp. Pension Funds, Carlos E. Zozula, Michael F. Kiernan, Trustee of Michael F. Kiernan 1998 Revocable Trust, Howard C. Turnely, and Jane S. Turnely, Trustees of Turnely Trust, John Baldwin, Robert Bloch, Ara M. Missakian and Nadya Missakian, Mike Del Campo and Lena Del Campo, Robert R. Gault, Trustee of Gault Family Trust, James E. Reed Profit Sharing Plan and Trust, David P. Shafer and Charlene N. Iran, Trustees of Shafer-Iran Trust, Western Laboratories Medical Group Profit Sharing Plan and Trust FBO John E. Cleymaet, John E. Cleymaet, Jerry Engle and Nora Engle, Trustees of the Restated Engle Family Trust, Ronald G. Burgess and Treva A. Burgess, Trustees of the Burgess Family Trust, James Nerli and Daryl Nerli, Aldo I. Assali, Ronald A. Floria, Jerry P. McDaniels, Jay Thomsen and L. Thomsen, Lawrence Thomsen, Trustee of The Thomsen Special Needs Trust, Polycomp Trust Company, Custodian FBO John Cleymaet IRA, Dennis D. Brown and Does 1 through 25. Case No. 14-4836, ECF No. 1.

Appellant filed her second notice of appeal on November 21, 2014. Case No. 14-5171, ECF No. 1. The second notice of appeal appeals only the Bankruptcy Court's September 23, 2015 order granting Defendant Brown's motion to vacate Appellant's entry of default, and names only Dennis D. Brown as a defendant. *Id.*

Appellant had also appealed the Bankruptcy Court's September 23, 2014 order vacating the default against Defendant Brown to the Ninth Circuit's Bankruptcy Appellate Panel ("BAP"). *See* Case No. 14-5171, ECF No. 4. The BAP transferred Appellant's appeal to this Court on

2
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

March 9, 2015. *Id*.

Prior to Appellant's filing of her notices of appeal in District Court, the Bankruptcy Court had already granted Appellant multiple extensions of time within which to file appeal-related documents, and put Appellant on notice that Appellant's appeals were untimely as to all Bankruptcy Court orders other than the September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF Nos. 383, 415. Nonetheless, Appellant took no action to prosecute either appeal for approximately six months after filing her notices of appeal. On May 6, 2015, this Court ordered Appellant to show cause why the cases should not be dismissed for failure to prosecute and failure to comply with the Rules of Bankruptcy Procedure and the Bankruptcy Local Rules. Case No. 14-4836, ECF No. 3. In both appeals, Appellant had failed to comply with Rule of Bankruptcy Procedure 8009, which requires appellants to file designations of record and statements of the issues within fourteen days of filing a notice of appeal.

Following this Court's issuance of an order to show cause, Appellant both filed a response and appeared at the hearing. This Court thereafter vacated the order to show cause on May 27, 2015. Case No. 14-4836, ECF No. 6. This Court explicitly warned Appellant that she was to perfect the records in both cases by June 8, 2015. *Id*. Further, this Court cautioned Appellant both on the record at the hearing and in this Court's subsequent order that failure to meet this deadline would result in a dismissal with prejudice for both actions. *Id*.

Appellant filed her designations of the record on appeal on June 4, 2015, over seven months after Appellant filed her first notice of appeal. Case No. 14-4836, ECF No. 9-1, at 1. Appellant's designation lists the entire dockets of six bankruptcy cases filed by Appellant, and states that the record on appeal includes all docket entries, as well as "all exhibits attached and referred to in the pleadings or matters of record." *Id*. Appellant's designation of the entire docket in six bankruptcy cases has imposed a significant burden on the Clerks of both the Bankruptcy Court and the District Court. The Bankruptcy Court Clerk worked for months to forward the record to the District Court Clerk. As of August 25, 2015, at least 786 documents had been

3

Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

transferred to the District Court and posted on the docket for Appellant's two appeals. This Court is skeptical that much of the designated record—including, for example, hundreds of pages of certificates of service and mailing—has any relevance to Appellant's appeals. Moreover, although Appellant's designation of the record on appeal was filed by the June 8, 2015 deadline set by this Court for perfecting the record on appeal, Appellant's statements of issues were filed on June 25, 2015, well after this Court's June 8, 2015 deadline. *See* Case Nos. 14-4836, ECF No. 16; 14-5171, ECF No. 14.

Finally, Appellant also designated twenty-seven transcripts to be included in the record on appeal for both cases. Case No. 14-4836, ECF No. 9-4, at ECF p. 39; Case No. 14-5171, ECF No. 9-8, at ECF p. 41. Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure requires an Appellant to "order in writing from the reporter . . . transcript[s] of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or . . . file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." While Appellant designated twenty-seven transcripts, Appellant neither ordered the transcripts nor filed a certificate with the Bankruptcy Clerk stating that Appellant is not ordering transcripts. *See* Case No. 14-4836, ECF No. 37-1 (certificate of non-readiness filed by Bankruptcy Clerk). Instead, on June 5, 2015, Appellant sought a waiver of transcript fees for these twenty-seven transcripts that Appellant states are necessary for her appeals. Case No. 14-4836, ECF No. 8. On August 25, 2015, this Court denied Appellant's motion to waive the transcript fees for the twenty-seven transcripts on appeal because Appellant had not obtained the Bankruptcy Court's certification that the appeals are not frivolous and present a substantial question, as required by 28 U.S.C. § 753(f) for waiver of transcript fees. Case No. 14-4836, ECF No. 41. This Court ordered that Appellant file within fourteen days a motion seeking a certification from the Bankruptcy Court that Appellant's appeals are not frivolous and present a substantial question. *Id*. This Court expressly warned Appellant that "[f]ailure to move for certification within fourteen days from [August 25, 2015] will result in a dismissal of both appeals

4

Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

with prejudice." [1] *Id*. at 4. Despite this Court's clear warning that failure to meet this deadline would result in dismissal of both actions with prejudice, Appellant failed to seek the Bankruptcy Court's certification by the September 8, 2015 deadline.

## II.   LEGAL STANDARD

A district court has the discretion to dismiss a matter for failure to prosecute. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). "[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). When dismissing a matter for failure to prosecute, a district court should weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

## III.   DISCUSSION

This Court finds that on balance the five factors described above weigh in favor of dismissal of Appellant's appeals for failure to prosecute.

### A.   The Public's Interest in Expeditious Resolution of Litigation, and the Court's Need to Manage its Docket

Courts typically review the first two factors—the public's interest in expeditious resolution of litigation, and the court's need to manage its docket—in conjunction with one another "to determine if there is unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). A district court is accorded deference as to what constitutes "unreasonable delay" because "it knows when its docket may become unmanageable." *Id*.

Here, the instant appeals have been pending for nearly eleven months. Bankruptcy Rule

---

[1] Additionally, on August 27, 2015 this Court requested that the Bankruptcy Court determine whether Appellants appeals were not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and whether the appeals should be dismissed pursuant to Bankruptcy Local Rule 8007-1(c)(2) on the ground that Appellant failed to perfect the appeals. Case No. 14-4836, ECF No. 42. As of the date of this order, the Bankruptcy Court has not issued a determination on either question.

8009 requires an appellant to file with the Clerk and serve on the appellee a designation of items to be included in the record and a statement of issues within fourteen days after filing a notice of appeal. Fed. R. Bank. Proc. 8009. Despite the clear requirements of the Bankruptcy Rules, for the first six months after Appellant filed her notices of appeal Appellant took no action to designate the record, file statements of issues, or indeed to prosecute the appeals at all. Only after this Court issued its order to show cause, did Appellant designate the record on appeal and file statements of issues. When vacating the order to show cause, this Court ordered Appellant to perfect her record on appeal by June 8, 2015, and warned Appellant that failure to meet the Court's deadline would result in a dismissal with prejudice of both appeals. Despite this Court's clear warning, Appellant untimely filed her statements of issues on June 25, 2015, well after the June 8, 2015 deadline.

Furthermore, Appellant's designation of the record on appeal included twenty-seven transcripts, which Appellant had a duty to order from the reporter pursuant to Bankruptcy Rule 8009(b)(1). Appellant did not order the designated transcripts, and instead filed a motion seeking waiver of the fees for ordering transcripts on appeal. *See* Case No. 14-4836, ECF No. 8. However, because Appellant had not obtained a certification that the instant appeals are not frivolous and present a substantial question from the Bankruptcy Court as required under 28 U.S.C. § 753(f) for waiver of transcript fees, this Court denied Appellant's motion. Case No. 14-4836, ECF No. 41. Accordingly, this Court ordered Appellant to move for such certification from the Bankruptcy Court within fourteen days of August 25, 2015, and explicitly warned Appellant that failure to do so "[would] result in a dismissal of both appeals with prejudice." *Id*. at 4. Appellant failed to move for certification by the deadline of September 8, 2015.

Based on Appellant's dilatory conduct and failure to follow this Court's deadlines, this Court finds that Appellant's delay has been unreasonable and warrants dismissal of this action.[2] *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming denial for failure to

---

[2] This Court also notes that Appellant obtained from the Bankruptcy Court several extensions of time within which to file appeal-related documents. Moreover, the Bankruptcy Court determined that Appellant's appeals were untimely as to all Bankruptcy Court orders other than the September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF Nos. 383, 415.

6
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

prosecute where party, among other things, "disregarded repeatedly the deadlines set by the district court."); *In re Gruntz*, 582 F. App'x 735, 736 (9th Cir. 2014) (affirming dismissal of bankruptcy appeal for failure to prosecute where appellants, despite repeated warnings from court, failed to meet court-imposed deadlines).

Moreover, Appellant's unreasonable delay and noncompliance has interfered with this Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). Appellant took no action in either appeal for six months. When Appellant did file a designation of the record on appeal in response to this Court's order to show cause, Appellant indiscriminately designated the entire dockets of six bankruptcy cases and twenty-seven hearing transcripts. Case No. 14-4836, ECF No. 9-1, at 1. This led to months of work by the Clerk of the Bankruptcy Court to transfer, as of August 25, 2015, at least 786 documents to the District Court. The Clerk of the District Court then had to post each of these documents on the dockets for the instant two appeals. Many of these documents, such as hundreds of pages of certificates of service and mailing, have no apparent relevance to Appellant's appeals. Court resources are limited. The duty of the court is "not [to] . . . guess at what part of the record may be relevant." *In re Morrissey*, 349 F.3d 1187, 1189 (9th Cir. 2003). "In order to give fair consideration to those who call upon [them] for justice, [courts] must insist that parties not clog the system." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997); *see also In re Ki Chang Park*, Case No. 12-0296, 2013 WL 414223, at *3 (W.D. Wash. Feb. 1, 2013) (dismissing appeal for failure to prosecute based, in part, on designation of the record that was "so broad as to be burdensome, unreasonable, and useless to either the Court or the Appellee.").

Accordingly, for the reasons stated above, this Court finds that the above two factors strongly weigh in favor of dismissal.

### B.   Risk of Prejudice to Opposing Party

"The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure." *In re Eisen*, 31 F.3d at 1452. This is because "[t]he law presumes injury from unreasonable delay." *Id*. Here, as

7
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

previously discussed, this Court finds that Appellant's delay in these appeals has been unreasonable, and therefore there is a presumption of prejudice. *See id*. Thus, this factor weighs in favor of dismissal.

### C. Public Policy Favoring Disposition on the Merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. Thus, this factor generally counsels against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### D. The Availability of Less Drastic Alternatives

Before dismissing a matter for failure to prosecute, "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). However, "if the district court actually tries alternatives before employing the ultimate sanction of dismissal," then it is unnecessary for the district court to explicitly discuss alternatives. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Moreover, "warning a [party] that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id*.

Here, the dockets in both appeals and in the underlying bankruptcy case reflect a history of Appellant's continuous and repetitive failure to comply with the rules and orders of both the Bankruptcy and District Courts. Even before filing her notices of appeal, Appellant failed to meet many appeals-related deadlines in the Bankruptcy Court. *See* Bankr. Case No. 13-5065, ECF Nos. 383, 415. After Appellant filed her notices of appeal, Appellant failed to designate the record on appeal and to file statements of issues for approximately six months until this Court issued an order to show cause why the appeals should not be dismissed for failure to prosecute. *See* Case No. 14-4836, ECF No. 3. When this Court vacated the order to show cause, this Court cautioned Appellant that failure to meet the Court-imposed deadline to perfect the record would "result in dismissal with prejudice of both actions." Case No. 14-4836, ECF No. 6, at 1. Despite this warning, Appellant did not file her statements of issues by the Court-imposed deadline.

Further, in this Court's August 25, 2015 order denying Appellant's request for waiver of hearing transcript fees, this Court ordered Appellant to file by September 8, 2015 a motion for

8
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE

certification from the Bankruptcy Court that Appellant's appeals are not frivolous and present a substantial question. This Court cautioned Appellant that failure to meet the Court-imposed deadline to seek the required Bankruptcy Court certification would "result in a dismissal of both appeals with prejudice." Case No. 14-4836, ECF No. 41, at 4. Although Appellant was on notice that failure to comply with the September 8, 2015 deadline would result in dismissal of her appeals with prejudice, Appellant failed to move for certification from the Bankruptcy Court by the September 8, 2015 deadline. For the reasons stated above, this Court finds that this factor weighs in favor of dismissal.

Although the public policy favoring disposition on the merits weighs against dismissal, this Court determines that the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to appellees, and the availability of less drastic alternatives all weigh in favor of dismissal. This Court finds that the four factors that weigh in favor of dismissal outweigh the single factor against dismissal.

## IV.	CONCLUSION

For the reasons stated above, this Court DISMISSES with prejudice the instant appeals for failure to prosecute. The Clerk shall close both files.

**IT IS SO ORDERED.**

Dated: September 9, 2015

_____
Lucy H. Koh
United States District Judge

Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DISMISSING CASES WITH PREJUDICE