UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON HASSAN,<br><br>       Plaintiff,<br><br>    v.<br><br>BLACKBURNE & SONS REALTY CAPITAL CORPORATION,<br><br>       Defendant. | Case Nos.  14-CV-04836-LHK<br>                 14-CV-05171-LHK<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Appellant ShaRon Hassan's motion for reconsideration of the Court's September 9, 2015 order dismissing Appellant's two bankruptcy appeals with prejudice for failure to prosecute. Case No. 14-04836, ECF No. 44. Because the Court dismissed Appellant's two appeals with prejudice, the Court construes the instant motion for reconsideration as a motion for relief from a final order under Federal Rule of Civil Procedure 60(b). Having considered Appellant's motion, the relevant law, and the record in Appellant's appeals, the Court hereby DENIES Appellant's motion for relief from the Court's order dismissing her appeals for failure to prosecute.

**I.     BACKGROUND**

Appellant Hassan filed two notices of appeal in this Court appealing orders of the United States Bankruptcy Court for the Northern District of California in Appellant's underlying bankruptcy case, Bankr. Case No. 13-5056.

Appellant filed her first notice of appeal on October 30, 2014. Case No. 14-4836, ECF No. 1. Appellant's first notice of appeal appealed the following Bankruptcy Court Orders:

- August 20, 2014 order granting Defendants' motion for summary judgment;
- September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default;
- September 30, 2014 order declaring Appellant a vexatious litigant; and
- September 30, 2014 order denying Appellant's motion to amend the complaint.

*See id*. at 9. The Bankruptcy Court has previously indicated that the first notice of appeal is timely only as to the Bankruptcy Court's September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF No. 383 (Bankruptcy Court's order granting in part and denying in part Appellant's motion to extend time to file appeal-related documents).

In her first notice of appeal, Appellant named the following defendants: Blackburne & Sons Realty Capital Corporation, Blackburne and Brown Mortgage Company, Inc., Blackburne and Brown Mortgage Fund I, BBMCI Fund, Allen M. Krohn, Augusto C. Pasos, Jr. and Julia M. Pasos Living Trust, Mark A. Singleton, Trustee of Singleton and Moore Medical Corp. Pension Funds, Carlos E. Zozula, Michael F. Kiernan, Trustee of Michael F. Kiernan 1998 Revocable Trust, Howard C. Turnely, and Jane S. Turnely, Trustees of Turnely Trust, John Baldwin, Robert Bloch, Ara M. Missakian and Nadya Missakian, Mike Del Campo and Lena Del Campo, Robert R. Gault, Trustee of Gault Family Trust, James E. Reed Profit Sharing Plan and Trust, David P. Shafer and Charlene N. Iran, Trustees of Shafer-Iran Trust, Western Laboratories Medical Group Profit Sharing Plan and Trust FBO John E. Cleymaet, John E. Cleymaet, Jerry Engle and Nora Engle, Trustees of the Restated Engle Family Trust, Ronald G. Burgess and Treva A. Burgess, Trustees of the Burgess Family Trust, James Nerli and Daryl Nerli, Aldo I. Assali, Ronald A. Floria, Jerry P. McDaniels, Jay Thomsen and L. Thomsen, Lawrence Thomsen, Trustee of The Thomsen Special Needs Trust, Polycomp Trust Company, Custodian FBO John Cleymaet IRA, Dennis D. Brown and Does 1 through 25. Case No. 14-4836, ECF No. 1.

Appellant filed her second notice of appeal on November 21, 2014. Case No. 14-5171,

ECF No. 1. The second notice of appeal appeals only the Bankruptcy Court's September 23, 2015 order granting Defendant Brown's motion to vacate Appellant's entry of default, and names only Dennis D. Brown as a defendant. *Id.*

Appellant also appealed the Bankruptcy Court's September 23, 2014 order vacating the default against Defendant Brown to the Ninth Circuit's Bankruptcy Appellate Panel ("BAP"). *See* Case No. 14-5171, ECF No. 4. The BAP transferred Appellant's appeal to this Court on March 9, 2015. *Id.*

Prior to Appellant's filing of her notices of appeal in District Court, the Bankruptcy Court had already granted Appellant multiple extensions of time within which to file appeal-related documents, and put Appellant on notice that Appellant's appeals were untimely as to all Bankruptcy Court orders other than the September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF Nos. 383, 415. Nonetheless, Appellant took no action to prosecute either appeal for approximately six months after filing her notices of appeal.

On May 6, 2015, this Court ordered Appellant to show cause why her appeals should not be dismissed for failure to prosecute and failure to comply with the Rules of Bankruptcy Procedure and the Bankruptcy Local Rules. Case No. 14-4836, ECF No. 3. In both appeals, Appellant had failed to perfect the records as required by Rule of Bankruptcy Procedure 8009, which provides that appellants must file designations of the record and statements of the issues within fourteen days of filing a notice of appeal. Appellant also failed to comply with Bankruptcy Local Rule 8010-1, which requires appellants to serve and file a brief within twenty-eight days after entry of the appeal on a District Court's docket.

Following the Court's order to show cause, Appellant both filed a response and appeared at the hearing. The Court thereafter vacated the order to show cause on May 27, 2015. Case No. 14-4836, ECF No. 6. The Court explicitly warned Appellant that she had until June 8, 2015 to perfect the records in both appeals by filing her designations of the records on appeal and statements of issues. *Id.* Further, the Court cautioned Appellant both on the record at the hearing and in the Court's subsequent order that failure to meet this deadline would result in a dismissal with

3
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

prejudice for both actions. *Id*.

Appellant filed her statements of issues on June 25, 2015, well after the Court's June 8, 2015 deadline. *See* Case Nos. 14-4836, ECF No. 16; 14-5171, ECF No. 14. Although Appellant failed to file her statements of issues timely, the Court did not dismiss her appeals.

Appellant filed her designations of the records on appeal on June 4, 2015, over seven months after Appellant filed her first notice of appeal. Case No. 14-4836, ECF No. 9-1, at 1. Appellant's designations listed the entire dockets of six bankruptcy cases filed by Appellant, and stated that the records on appeal included all docket entries, as well as "all exhibits attached and referred to in the pleadings or matters of record." *Id*. Appellant's designations of the entire dockets in six bankruptcy cases have imposed a significant burden on the Clerks of both the Bankruptcy Court and the District Court. The Bankruptcy Court Clerk worked for months to forward the record to the District Court Clerk. As of August 25, 2015, at least 786 documents had been transferred to the District Court and posted on the dockets for Appellant's two appeals. The Court is skeptical that much of the designated record—including, for example, hundreds of pages of certificates of service and mailing—has any relevance to Appellant's appeals.

Appellant also designated twenty-seven transcripts to be included in the records for both appeals. Case No. 14-4836, ECF No. 9-4, at ECF p. 39; Case No. 14-5171, ECF No. 9-8, at ECF p. 41. However, Appellant neither ordered the transcripts nor filed a certificate with the Bankruptcy Clerk stating that Appellant is not ordering transcripts, as required by Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure. *See* Case No. 14-4836, ECF No. 37-1 (certificate of non-readiness filed by Bankruptcy Clerk). Instead, on June 5, 2015, Appellant sought a waiver of transcript fees for these twenty-seven transcripts that Appellant states are necessary for her appeals. Case No. 14-4836, ECF No. 8.

On August 25, 2015, the Court denied Appellant's motion to waive the transcript fees for the twenty-seven transcripts on appeal because Appellant had not obtained the Bankruptcy Court's certification that the appeals are not frivolous and present a substantial question, as required by 28 U.S.C. § 753(f) for waiver of transcript fees. Case No. 14-4836, ECF No. 41. The Court ordered

4
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

that Appellant file within fourteen days a motion seeking certification from the Bankruptcy Court that Appellant's appeals are not frivolous and present a substantial question. *Id*. The Court expressly warned Appellant that "[f]ailure to move for certification within fourteen days from [August 25, 2015] will result in a dismissal of both appeals with prejudice."[1] *Id*. at 4. Despite the Court's clear warning that failure to meet this deadline would result in dismissal of both actions with prejudice, Appellant failed to seek the Bankruptcy Court's certification by the September 8, 2015 deadline. Accordingly, the Court dismissed Appellant's appeals on September 9, 2015 for failure to prosecute. Case No. 14-04836, ECF No. 43. The Court found that Appellant's delays had been unreasonable, prejudiced Appellees, and had adversely affected the Court's management of its docket. Dismissals were justified over less drastic alternatives given Appellant's repeated failures to abide by the deadlines provided in the Rules of Bankruptcy Procedure and Bankruptcy Local Rules, as well as those set by the Court, and the Court's repeated warnings that future failures to comply with the Court's orders would result in dismissal with prejudice. *See id*.

On September 22, 2015, Appellant filed the instant motion for reconsideration, which the Court construes as a motion for relief from a final order under Federal Rule of Civil Procedure 60(b).

## II. LEGAL STANDARD

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks omitted). Appellant does not specify which subsection of Rule 60(b) upon which Appellant relies as the basis for her motion for reconsideration, but it appears from Appellant's motion that Appellant seeks relief from the order dismissing her appeals

---

[1] Additionally, on August 27, 2015 the Court requested that the Bankruptcy Court determine whether Appellants appeals were not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and whether the appeals should be dismissed pursuant to Bankruptcy Local Rule 8007-1(c)(2) on the ground that Appellant failed to perfect the appeals. Case No. 14-4836, ECF No. 42.

on the grounds of excusable neglect under Rule 60(b)(1).[2]

To determine whether a party's failure to meet a deadline constitutes "excusable neglect" under Rule 60(b)(1), courts apply a four-factor equitable test, examining: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).[3] Excusable neglect under Rule 60(b)(1) "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence . . . and includes omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation marks and citation omitted). However, according to the United States Supreme Court, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

## III. DISCUSSION

Appellant asks the Court to relieve her of the final order dismissing her appeals for failure to prosecute. The Court had ordered Appellant to seek certification from the Bankruptcy Court that Appellant's appeals are not frivolous and present a substantial question, and in that order the Court expressly warned Appellant that "[f]ailure to move for certification within fourteen days from [the date of the Court's order] will result in a dismissal of both appeals with prejudice." Case No. 14-4836, ECF No. 41, at 4. Despite that warning, Appellant failed to seek certification, and the Court dismissed her appeals. Case No. 14-4836, ECF No. 43. In her motion for relief,

---

[2] Appellant's motion could also be viewed as seeking relief under Rule 60(b)(6), which is a catchall provision that allows a court to grant reconsideration in an effort to prevent manifest injustice. *See United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). However, "[t]he rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*. The reasons provided by Appellant for her failure to prosecute this case are better characterized as neglect. Accordingly, the Court analyzes Appellant's motion under Rule 60(b)(1).
[3] Because courts apply the same test for inadvertence under Rule 60(b)(1) as they do for excusable neglect, to the extent that Appellant's motion can be characterized as arguing that her failure to seek the Bankruptcy Court's certification was the result of inadvertence justifying relief under Rule 60(b)(1), the Court's discussion herein applies equally to that argument. *See Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008).

6
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

Appellant asserts that her failure to seek the Bankruptcy Court's certification was the result of excusable neglect. To determine whether Appellant has shown excusable neglect, the Court looks to the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261. For the reasons set forth below, the Court finds that Appellant has not demonstrated excusable neglect.

### A. Prejudice to the Opposing Party

To be prejudicial, the setting aside of a judgment or order "must result in greater harm than simply delaying resolution of the case." *CEP Emery Tech Investors, LLC v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 1226028, at *4 (N.D. Cal. Apr. 1, 2011) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)). Here, the Court previously found that Appellant's delay in prosecuting her appeals was unreasonable, and therefore that a presumption of prejudice applied. Case No. 14-04836, ECF No. 43, at 7–8; *see also In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (noting that because "[t]he law presumes injury from unreasonable delay," "[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure."). As discussed below, Appellant has not shown that her delay in seeking certification was reasonable, let alone her many prior delays in her appeals. Accordingly, although Appellant's failure to meet the Court's deadline to seek from the Bankruptcy Court certification that her appeals are not frivolous and present a substantial question resulted primarily in delaying the resolution of the appeals, granting Appellant's motion would prejudice Appellees given Appellant's extensive history of unreasonable delay before the Bankruptcy Court and during the pendency of these appeals. Without the transcripts, the records are still not perfected for Appellant's appeals, которые were filed nearly a year ago, on October 30, 2014 and November 21, 2014. Accordingly, the Court finds this factor weighs against granting Appellant's motion.

### B. Length of Delay

The Court denied Appellant's motion to waive transcript fees on August 25, 2015, and ordered Appellant to seek certification of the Bankruptcy Court that her appeals were not frivolous

and presented a substantial question within fourteen days. Case No. 14-04836, ECF. No. 41. Accordingly, Appellant had until September 8, 2015 to seek certification of the Bankruptcy Court. After Appellant failed to do so, the Court dismissed Appellant's appeals on September 9, 2015. Case No. 14-04836, ECF. No. 43. Appellant waited a further two weeks to respond by filing the instant motion on September 22, 2015. As of the date of this order, Appellant had not moved for certification from the Bankruptcy Court.

Moreover, prior to Appellant's filing of her notices of appeal in District Court, the Bankruptcy Court had already granted Appellant multiple extensions of time within which to file appeal-related documents, and put Appellant on notice that Appellant's appeals were untimely as to all Bankruptcy Court orders except the September 23, 2014 order granting Defendant Brown's motion to vacate Appellant's entry of default. *See* Bankr. Case No. 13-5065, ECF Nos. 383, 415. Nonetheless, Appellant took no action to prosecute either appeal for approximately six months after filing her notices of appeal in District Court, which led this Court to issue an order to show cause and warn Appellant that future failure to meet the Court's deadlines would result in dismissal with prejudice. Case No. 14-04836, ECF. No. 6. Following the order to show cause and the order vacating the order to show cause, Appellant still failed to file her statement of issues until June 22, 2015, well after the June 8, 2015 deadline. *See* Case Nos. 14-4836, ECF No. 16; 14-5171, ECF No. 14.

Appellant has engaged in consistently dilatory conduct in these appeals despite the Court's repeated warnings that missing future deadlines would result in dismissal with prejudice. The Court therefore finds that this factor weighs against granting Appellant's motion.

### C. Reason for the Delay

Appellant asserts various reasons for not meeting the Court's deadline to seek certification from the Bankruptcy Court, most of which are completely unrelated to her failure to seek certification, and none of which provide any credible explanation for her failure to do so.

First, she claims generally that she has suffered from "financial decline, [and] mental and physical disabilities and decline" during the pendency of these appeals. Case No. 14-04836, ECF. No. 44, at 1. Appellant states that "as a result of pursuing this case and appeal, [Appellant] was

8
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

severely injured and disabled in an incident where her ability to read, write, type and represent herself diminished significantly and exponentially over the last 12 months." *Id*. at 2. However, Appellant does not provide any more detail about her ailments, how they were caused by these appeals, or how they impacted her ability to seek the Bankruptcy Court's certification. In fact, in the instant motion, Appellant states that she got a job with the Robert Half agency on August 15, 2015, which undermines her claims that she was physically or mentally unable to meet the deadline for seeking certification of the Bankruptcy Court.

Second, Appellant claims she was given bad legal advice by "counsel assigned to her case." *Id*. The Court has not appointed counsel for Appellant in these appeals, but it appears that Appellant sought legal advice from the Federal Pro Se Program. *Id*. Appellant contends that the attorneys with whom she interacted were "aloof," "very unhelpful," "interfered with her two appeals," and gave her "bad legal advice." *Id*. None of Appellant's allegations provide a reason for her delay. Other than generally claiming she was given bad legal advice, all Appellant claims is that the attorney from whom she sought advice did not know the deadlines for Appellant to file a designation of record, statement of issues, etc.[4] As an initial matter, none of these allegations relate to her failure to seek certification from the Bankruptcy Court. Appellant did not need to rely on an attorney's advice regarding this deadline: the Court explicitly ordered Appellant to seek the Bankruptcy Court's certification within fourteen days, and she failed to do so. Second, the Court explicitly told Appellant the deadline for Appellant to file her designation of the record and statement of issues both at the order to show cause hearing held on May 27, 2015, and in the written order that followed the hearing. Case No. 14-04836, ECF. Nos. 3, 6. Moreover, the attorney whom Appellant alleges could not advise her on the deadlines for filing her designation of the record and statement of issues was present at the order to show cause hearing, which undermines Appellant's claim that he was unaware of these deadlines.

The Court also does not find credible Appellant's claims that she was ignorant of the filing

---

[4] The Court notes that later in her motion Appellant contradicts this by stating that she was told by her "pro per attorney" that she had to file her statement of issues and opening brief within 40 days. Case No. 14-04836, ECF. No. 44, at 3.

9
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

deadlines involved in bankruptcy appeals more generally. Appellant has a long history of litigation in the bankruptcy courts. Appellant has filed eight separate bankruptcy cases in the past three years.[5] In 2013, Appellant litigated before the Bankruptcy Appellate Panel two appeals from a different bankruptcy case. Bankr. Case No. 13-52249, ECF Nos. 46, 69. As with the instant appeals, Appellant filed two separate notices of appeal, which the BAP consolidated into a single appeal. *See* Bankr. Case No. 13-52249, ECF No. 95. Appellant paid the filing fees for both appeals, appears to have correctly designated the record, designated only six transcripts (as opposed to twenty-seven in the instant appeals), and also appears to have paid for the transcripts in accordance with Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure. *See* Bankr. Case No. 13-52249, ECF No. 95.

Moreover, Appellant knows how to seek extensions and has successfully obtained many extensions from the Bankruptcy Court. *See, e.g.*, Bankr. Case No. 13-5065, ECF No. 293 (motion to extend time, granted-in-part at ECF No. 347); ECF No. 335 (Notice of Motion to Extend Time to Perfect Appeal and to Proceed as a Poor Person and Disabled Person in California, granted-in-part at ECF No. 351); ECF No. 377 (Motion to Extend Time to File Appeal Brief, Designation of Record and Statement of Issues, granted-in-part at ECF No. 383); *see also* Case No. 13-5065, ECF Nos. 384, 385.

Despite Appellant's extensive litigation experience, Appellant in the instant appeals missed numerous deadlines set by the Bankruptcy Court, failed to meet the deadlines under the Rules of Bankruptcy Procedure and Bankruptcy Local Rules after filing these appeals, failed to meet the deadline set by the Court for filing her statement of issues,[6] and finally, missed the deadline set by the Court for seeking certification from the Bankruptcy Court that her appeals are not frivolous and present a substantial question.

---

[5] *See* Bankr. Case Nos. 12-51690, 12-56619, 13-5033, 13-5055, 13-5065, 13-5066, 13-51643, and 13-52249.

[6] Appellant also claims in her motion that she asked the Court for an extension of time to file her statement of issues, and alleges that the Court did not respond. Case No. 14-04836, ECF. No. 44, at 3. This is false. Appellant never moved for an extension of time to file her statement of issues. After she had already filed her statement of issues, Appellant moved for an extension of time to file "appellant brief and any other document that is due by 7/14/2015." Case No. 14-04836, ECF. No. 29. The Court granted Appellant's motion on July 17, 2015. Case No. 14-04836, ECF. No. 31.

10
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

Finally, Appellant alleges that the Bankruptcy Clerk failed to inform her when the records in her appeals were transmitted to this Court. Case No. 14-04836, ECF. No. 44, at 3. Appellant apparently contends that she failed to meet the Court's deadline because she was waiting for word from the Bankruptcy Clerk, but provides no explanation for why this might be relevant to the Court's explicit deadline to seek certification from the Bankruptcy Court that her appeals are not frivolous and present a substantial question.

Ultimately, Appellant simply does not address her failure to seek certification from the Bankruptcy Court. At one point she claims that she received notice of the Court's order denying her motion to waive transcript fees five days before the Court dismissed her appeals (which would be September 4, 2015). Yet at another point she claims that she receive notice "only days" before September 22, 2015. She claims that while she acknowledges that her motion to waive transcript fees was denied, "she wasn't given time to pay or given [a] bill or anything from the clerk or the Court to move forward or stop or pay." *Id.* at 5–6. However, this is exactly what the Court's order denying her motion to waive transcript fees did: the Court very clearly ordered Appellant to seek certification of the Bankruptcy Court within fourteen days or face dismissal with prejudice.

Accordingly, because Appellant fails to provide any credible reason for her delay, the Court finds that this factor weighs against granting Appellant's motion.

### D.     Whether Appellant Acted in Good Faith

Appellant asserts that her delays in these appeals have been the result of negligence, rather than bad faith. The Court is highly skeptical of Appellant's excuses for her delay and questions whether all of Appellant's factual claims in her motion are alleged in good faith. Nonetheless, there is no evidence that Appellant delayed her appeals in bad faith, so this factor weighs in favor of granting Appellant's motion.

Although Appellant's lack of bad faith weighs in favor of granting Appellant's motion, the potential prejudice to Appellees of further prolonging these appeals, Appellant's repeated failure to meet the deadlines of the Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and those set by the Court, and Appellant's failure to provide any credible explanation for her failure to meet the Court's deadline to seek certification from the Bankruptcy Court all weigh against

11
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

granting Appellant's motion. The Court finds that the three factors that weigh against granting Appellant relief from the Court's order dismissing her appeals outweigh the single factor in her favor.

### III.   CONCLUSION

The Bankruptcy Court and District Court have bent over backwards to give Appellant many chances to perfect her appeals. The Bankruptcy Court repeatedly afforded Appellant extensions of time to file documents related to her appeals, and clearly advised Appellant that her appeals were untimely as to all but one of the Bankruptcy Court's orders. Despite these warnings, Appellant took her appeals to this Court, and then took no action in either appeal for six months. Only after this Court ordered Appellant to show cause did Appellant respond. At Appellant's request, this Court vacated its order to show cause and gave Appellant a new extended deadline to perfect the record. Even after Appellant missed this new deadline, this Court did not dismiss Appellant's appeals.

When Appellant finally did file her designations of the records—over seven months after she filed her first notice of appeal—Appellant's designations listed the entire dockets of six bankruptcy cases, which, as of August 25, 2015, included at least 786 documents. Appellant also designated twenty-seven transcripts. Instead of ordering the transcripts or filing a notice that she would not be ordering transcripts, as is required under the Bankruptcy Rules, Appellant sought a waiver of the fees for including the transcripts on appeal. However, waiver of transcript fees under 28 U.S.C. § 753(f) requires certification that the appeals are not frivolous and present a substantial question, which Appellant had not obtained from the Bankruptcy Court. The Court denied Appellant's request and ordered that Appellant file by September 8, 2015 a motion seeking certification from the Bankruptcy Court. The Court expressly warned Appellant that failure to do so would result in dismissal with prejudice. After Appellant failed to meet this deadline, the Court dismissed her appeals for failure to prosecute.

Appellant has been deemed a vexatious litigant by the Bankruptcy Court. Appellant's handling of the instant appeals has imposed significant burdens on this Court and the Clerks of the Bankruptcy Court and the District Court. Appellant's continued noncompliance with the Court's

12
Case Nos. 14-CV-04836-LHK; 14-CV-05171-LHK
ORDER DENYING MOTION FOR RECONSIDERATION

orders has consumed an inordinate amount of the Court's time and resources. To ensure access to justice for all of the litigants who come before the Court, the Court must enforce its own orders. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court cannot continue to excuse Appellant's persistent failure to prosecute her appeals.

For all the reasons stated above, the Court DENIES Appellant's motion for relief from the Court's order dismissing her appeals.

**IT IS SO ORDERED.**

Dated: October 9, 2015

_____
Lucy H. Koh
United States District Judge